**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maxine Murillo,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV-20-01580-PHX-DJH (JZB)<br><br>**ORDER** |

Pending before the Court is Defendant Javier Chavez's Objection to Magistrate Judge's Order Denying Motion to Stay Civil Proceeding Pending Resolution of Parallel Criminal Case ("Objection") (Doc. 38).[1]  Plaintiff has filed no response in opposition, and the time to do so has expired.  The Court will now address this matter.

**I.    Background**

Plaintiff, an inmate house at the Arizona Department of Correction's Tucson complex, alleges that Defendant Javier Chavez was one of two guards who actively assisted other inmates attack Plaintiff.  (Doc. 1-3 at ¶¶ 1, 24).  Mr. Chavez moved for an indefinite stay of the civil proceedings pending resolution of a parallel criminal case.  (Doc. 17).  In his Order, Magistrate Judge Boyle denied the request as "premature" and ordered Mr. Chavez to file an answer to Plaintiff's Complaint.  (Doc. 34 at 4–5).  Mr. Chavez timely appealed that decision.  (Doc. 38).

Under Federal Rule of Civil Procedure 72(a), if a party timely objects to a

---

[1] Mr. Chavez has requested oral argument on this matter. The Court will deny this request. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument.").

nondispositive matter this Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Mr. Chavez argues that, while not clearly erroneous, the Magistrate's Order is contrary to law and maintains that a stay is necessary to protect his Fifth Amendment right to be free from self-incrimination. (Doc. 38 at 1).

**II.  Discussion**

Among the factors assessed when determining whether to stay proceedings in a case, courts evaluate:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). In addition, when deciding whether to stay a civil proceeding because of a parallel criminal proceeding, courts should consider how the defendant's Fifth Amendment right will be impacted. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

The Magistrate's Order found that the first and third *Molinaro* factors weighed against granting the stay because of the risk of substantial delay to this civil proceeding. (Doc. 34 at 5). While Plaintiff was amenable to a stay of 60 days, the Order found than an indefinite stay would negatively impact an expeditious resolution of this case given that the alleged attack happened over a year ago and the criminal case could carry on for years. (*Id.*) This, the Order found, would negatively impact Plaintiff. (*Id.*) And because Mr. Chavez is one of several Defendants, a stay would moor all parties to this case as it

"languish[ed] unresolved for the foreseeable future." (*Id.*) The only factor in the Order weighing in favor of granting the stay related to Mr. Chavez's Fifth Amendment right, because "it seems likely that Chavez's Fifth Amendment rights would be implicated to some extent through discovery in this civil action." (*Id.* at 4). As to the other factors, Defendant's burden, third parties, and public interest, the Order found they had a neutral influence on the decision. (*Id.* at 5). When considering Mr. Chavez's burden, the Order noted "the extent to which Defendant would be required to invoke his Fifth Amendment right to avoid discovery is yet unknown." (*Id.*) Finally, the Order noted that there are no third-party interests at stake and the public has a general interest in speedy resolution of both the civil and criminal matters. (*Id.*) Finding that, in total, the factors weighed against staying the proceedings at this time, Magistrate Judge Boyle denied Mr. Chavez's Motion. (*Id.*)

In his Objection, Mr. Chavez makes essentially identical arguments for why this case should be stayed as he did in his original Motion to Stay. (*See* Docs. 17; 38). In those arguments, he advocates for why this case's circumstances and the *Molinaro* factors weigh in favor granting an indefinite stay, but he does not demonstrate how the Magistrate's Order is contrary to law. The Court finds that the Magistrate's Order considered the relevant factors established in Ninth Circuit case law. Therefore, the Court cannot say that the Order is contrary to law.

Finally, Mr. Chavez also argues that because he was ordered to file an answer to Plaintiff's Complaint, his right to be free from self-incrimination is compromised. (Doc. 38 at 2). This is a moot point now that Mr. Chavez has filed an Answer, which admits very little and does not invoke the Fifth Amendment. (*See* Doc. 54). The Court notes that the Magistrate did not prevent Mr. Chavez from filing a future motion to stay as the situation develops.

…

…

…

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Javier Chavez's objection and request to stay this proceeding (Doc. 38) is **denied**.

Dated this 22nd day of February, 2021.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge