**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maxine Murillo, | No. CV-20-01580-PHX-SPL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Rule 37 Motion for Sanctions (doc. 252) against Defendant the State of Arizona (the State). The Motion is fully briefed. (Docs. 259, 260.) The Court will deny the Motion.

**I.   Summary of Conclusions.**

On January 6, 2023, Plaintiff filed this Motion seeking sanctions, following the State's disclosure of two Administrative Investigations Unit summary pages (AIU Face Sheets) on September 28, 2022. At the heart of this dispute is whether the State improperly withheld the AIU Face Sheets, resulting in prejudice to Plaintiff. Plaintiff argues the State's discovery responses were false and misleading and requests a sanction stripping the State of its immunity defense. Opposing the Motion, the State contends that its discovery responses were not false or misleading; rather, they were subject to a temporal objection that limited the scope of its search. The record shows that Plaintiff never challenged the State's objection until the present Motion. Because the Court finds that the State has not violated discovery rules, nor has Plaintiff suffered any prejudice, the Motion will be denied.

## II. Background.

### A. Plaintiff's Claims and Requested Damages.

On April 14, 2020, Plaintiff Maxine Murillo ("Plaintiff"), as Conservator and Guardian to Raul Moreno, filed a civil rights Complaint in Maricopa County Superior Court. (Doc. 1-3 at 4.) On August 10, 2020, the parties removed the action to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. 1.) On February 8, 2021, Plaintiff filed her Second Amended Complaint (SAC), alleging constitutional and state law violations against Defendants Javier Chavez, Alfredo Reyes, Lindsay Jaime, Juli Roberts, Charles Ryan, and the State. (Doc. 43.) Specifically, Plaintiff contends Defendants violated Mr. Moreno's civil rights when Mr. Moreno was subject to "severe physical beating" beaten at the hands of fellow inmates on July 24, 2019. (*Id.* at 10.)

Against the State, Plaintiff asserts two claims: (1) negligence and gross negligence for failing to train, supervise, and monitor ADOC officers, and (2) vicarious liability for the conduct of ADOC officers as employees of the State. (*Id.* at 13-14.) As remedy for Plaintiff's claims, she seeks "[f]air and reasonable compensatory damages, including general, special and non-economic damages," costs incurred, and other relief as deemed appropriate. (*Id.* at 20.)

### B. Extensions and Delays.

On July 19, 2021, the Court issued an order setting a Rule 16 Case Management Conference for August 24, 2021. (Doc. 93.) On July 28, 2021, the parties filed a Joint Motion to Continue the Case Management Conference (doc. 95), and the Court granted the Motion, resetting the Conference to September 10, 2021. (Doc. 96.)

On July 30, 2021, Defendants filed a Joint Motion to Reschedule Case Management Conference (doc. 97), which the Court granted. (Doc. 105.) The Case Management Conference was moved to September 2, 2021. (*Id.*)

On September 2, 2021, the Court entered a Case Management Order following a telephonic Case Management Conference under Rule 16(b). (Doc. 115.) The Court set the Fact Discovery Deadline for June 24, 2022, and the Dispositive Motion Deadline for July

22, 2022. (*Id.* at 2-4.)

On February 8, 2022, Defendant Javier Chavez filed a Motion to Continue. (Doc. 143.) On February 9, 2022, the Court granted the Motion in part, resetting the Fact Discovery Deadline to July 22, 2022, and the Dispositive Motion Deadline to August 19, 2022. (Doc. 146 at 2.)

On July 13, 2022, the parties jointly requested an extension of the case management deadlines. (Docs. 213, 214.) On July 18, 2022, the Court granted the parties' request, pushing the Fact Discovery Deadline to October 7, 2022, and the Dispositive Motion Deadline to November 4, 2022. (Doc. 216.)

On September 30, 2022, the parties filed a Joint Motion to Extend Remaining Deadlines. (Doc. 229.) On October 3, 2022, the Court granted the Motion, extending the Fact Discovery Deadline to November 4, 2022, and the Dispositive Motion Deadline to December 9, 2022. (Doc. 231.)

On November 8, 2022, during a telephonic discovery dispute, the Court amended the case management deadlines for the last time, resetting the Fact Discovery Deadline to December 9, 2022, and the Dispositive Motion Deadline to January 6, 2023.[1] (Doc. 237.)

### C. Current Motion.

On January 6, 2023, Plaintiff filed this Rule 37 Motion for Sanctions. (Doc. 252.) The Court has determined that no further briefing of the issues is necessary and oral argument is not necessary. The Court will address the Motion below.

## III. Motion for Sanctions.

In the pending Motion, Plaintiff requests a sanction precluding the State from asserting its statutory immunity defense.[2] (Doc. 252.) Plaintiff argues the State violated

---

[1] On January 6, 2023, Plaintiff filed a Motion for Partial Summary Judgment (doc. 244), and the State filed a Motion for Summary Judgement (doc. 251), both pending before the Court. On February 13, 2023, Defendants Reyes and Chavez responded to Plaintiff's Motion for Partial Summary Judgment (docs. 269, 271), and Plaintiff replied on February 20, 2023. (Doc. 273.) On February 21, 2023, Plaintiff responded to the State's Motion for Summary Judgment. (Doc. 275.)

[2] Ariz. Rev. Stat. § 12-820.5(B) ("A public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action.").

- 3 -

Rules 26(e) and 34(b)(2)(C) by intentionally withholding material evidence. (*Id.* at 6.) The State opposes the Motion, arguing that sanctions are not appropriate because it complied with Rule 26(e) and asserted an objection under Rule 34(b)(2)(C) which Plaintiff did not challenge. The Court agrees and will deny Plaintiff's Motion.

### A. Legal Standards.

#### 1. Federal Rule of Civil Procedure 34.

Rule 34 governs requests and responses or objections for accessing documents and other information within the "possession custody or control" of other parties. Fed. R. Civ. P. 34(a). In pertinent part, Rule 34 provides:

> An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(C). In 2015, the Federal Advisory Committee amended Rule 34(b)(2)(C), explaining:

> Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection.
>
> This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.
>
> The producing party **does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.**
>
> **An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."**

Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment (emphasis added).

#### 2. Federal Rule of Civil Procedure 26.

Rule 26(a) and (e) establish procedures for initial disclosures and supplementation in the discovery process. Fed. R. Civ. P. 26(a), (e). "Rule 26(a) requires a party to make initial disclosures of information that may be used to support its claims or defenses [and] Rule 26(e) requires a party to supplement its Rule 26(a) disclosures and its responses to

interrogatories, requests for production, or requests for admission." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 355 (D. Ariz. 2022). Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e).

Under 26(e), the "duty to supplement is a continuing duty, and no additional interrogatories by the requesting party are required to obtain the supplemental information—rather the other party has an affirmative duty to amend a prior response if it is materially incomplete or incorrect." *Inland Waters Pollution Control v. Jigawon, Inc.*, No. 2:05-CV-74785, 2008 WL 11357868, at *18 (E.D. Mich. Apr. 8, 2008) (citing 6 James W. Moore et al., Moore's Federal Practice § 26.1313).

### 3. Federal Rule of Civil Procedure 37.

Under Rule 37(c)(1):

> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).[3]

---

[3] Sanctions listed in Rule 37(b)(2)(A)(i)-(vi) include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated

- 5 -

Fed. R. Civ. P. 37(c)(1).

Sanctions are available under Rule 37(c)(1) if a party violates Rule 26(e) by providing "incomplete, misleading, or false discovery responses" and does not correct the responses by supplementation. *Fast*, 340 F.R.D. at 335; *see also Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 525-26 (6th Cir. 2005) (affirming sanctions under 37(c)(1) when plaintiff violated Rule 26(e) and "provided false responses and omitted information from his responses" to discovery requests). Additionally, Rule 37 prevents a party from using the withheld information unless the failure was substantially justified or harmless. *See West v. City of Mesa*, 128 F. Supp. 3d 1233, 1247 (D. Ariz. 2015) (This is "a 'self-executing, automatic sanction to provide a strong inducement for disclosure of material.'") (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The Ninth Circuit has explained, "[Rule] 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Dispositive sanctions under Rule 37(b)(2)(A) are available only where "there has been 'flagrant, bad faith disregard of discovery duties.'" *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (quoting *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990)). In determining whether dispositive sanctions are appropriate, courts consider, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096

---

claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party[.]

(9th Cir. 2007).

### 4. Inherent Authority.

The Court has inherent authority to issue sanctions when appropriate. *B.K.B. v. Maui Police Dept.*, 27 F.3d 1091 (9th Cir. 2002). The Court's inherent authority allows for sanctions when there is evidence of bad faith, willfulness, or fault by the offending party. *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1111-12 (D. Ariz. 2014) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Co.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992)). Courts must exercise this inherent power with "restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). Courts may not impose sanctions for conduct that is merely "inadvertent." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989).

## B. Failure to Timely Supplement.

### 1. Relevant Facts.

On January 3, 2022, Plaintiff served Defendants Roberts and Ryan its first set of discovery requests (doc. 259-2, Ex. 1) including Request for Production No. 3, which states: "Produce complete copies of all documents in your possession or in the possession of the State relating to Defendants Javier Chavez and Alfredo Reyes including SSU, CIU, and AIU reports." (*Id.* at 2-3.)

On February 9, 2022, Defendants Roberts and Ryan submitted their response:

> Objection. This discovery request seeks records, documents or other information which is of a confidential or sensitive nature, and which, if released, might jeopardize the security of the prison or endanger the safety or security of Plaintiff, other inmates, or staff. To the extent that it seeks "all documents" "relating to" Chavez and Reyes, the request is vague, ambiguous, overly broad and burdensome, not properly limited in time and **scope insofar as it seeks documents prior to July 24, 2017.** The statute of limitations precludes any acts prior to July 24, 2017 from being the basis of any claims by Plaintiff. *See Bird v. [Dept.] of Human Services*, 935 F.3d 738, 748 (9th Cir. 2019). This request has limited detail as to subject areas. This request is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendants respond that responsive documents were previously produced at: Criminal Investigations Unit Report 2019-040397 at bates numbers AZ/MORENO 00000001 through 000151; interviews at bates numbers AZ/MORENO 00000174 through 00000184; videos at AZ/MORENO 00000230 through 00000233; Chavez and Reyes Personnel Files and Charging documents at AZ/MORENO 00000236 through 00000499.

- 7 -

(Doc. 252-1, Ex. 1, at 5-6 (emphasis added).)

Despite this objection, the State had previously disclosed information pre-dating July 24, 2017 when this action was pending in the Superior Court. (Doc. 252-1, Ex. 1, at 12.) On July 31, 2020, the State disclosed Javier Chavez's personnel file, which contained letters of reprimand from 2012 through 2014, but the personnel file did not include the AIU Face Sheets at issue. (*Id.*; Doc. 252 at 3.)

On February 25, 2022, Defendants Ryan and Roberts supplemented their initial discovery responses, producing AIU Face Sheets from July 24, 2014 through July 24, 2020. (Doc. 252-1, Ex. 3, at 7; Doc. 252 at 3.) In response to Request for Production No. 3, Defendant's preserved their initial objections and added: "Documents AZMORENO-001549-1758 were located and **are not being produced due to the above objections.** They are not being withheld due to any claim of attorney client privilege." (Doc. 252-1, Ex. 3, at 7 (emphasis added).)

On May 31, 2022, Plaintiff served the State its first discovery requests (doc. 259-2, Ex. 2) including Request for Production No. 1, which states: "Produce all documents responsive to Requests for Production Nos. 1-6, propounded to Defendants Ryan and Roberts on January 3, 2022, that have not already been produced or disclosed." (*Id.* at 7.)

On June 30, 2022, the State submitted its response:

> **The State incorporates all objections offered by Defendants Ryan and Roberts in their Supplemental Response to Plaintiff's First Set of Discovery Requests. . . .**
>
> As to Request for Production No. 3, Plaintiff was also previously informed that "SSU files containing references to Chavez, Reyes, Jaime" was not a category of materials that could be searched and produced. SSU suspect files for inmates Adkins, Martinez, Moya, Silva, and Sabala were produced at AZ/MORENO 00003289-00003542. . . .
>
> The State is not in possession of any responsive or unobjectionable documents that were not previously disclosed by Defendants Ryan and Roberts. **To the extent that documents were not disclosed, they were not disclosed for the reasons stated in Defendants' Ryan and Roberts' response. The State incorporates those objections,** as well as those objections further clarified in the April 21, 2022 letter to Plaintiff's counsel.

(Doc. 252-1, Ex. 4, at 3-4 (emphasis added).)

On September 28, 2022, the State disclosed two out of eleven pages of AIU Face Sheets, pre-dating the July 24, 2017 objection. (Doc. 252 at 4; Doc. 259 at 3-4.) The State withheld the remaining nine pages. (*Id.*) All eleven pages summarized investigations involving Defendant Chavez. (*Id.*) The AIU Face Sheets displayed a timestamp that showed the documents had been printed on August 4, 2022. (Doc. 252 at. 4; Doc. 252-1, Ex. 5, at 28-29.)

On September 30, 2022, Defendants Ryan and Roberts submitted their second supplemental responses to Plaintiff's first set of discovery requests (doc. 252-1, Ex. 7), incorporating this statement:

> Without waiving its prior objections, Defendants produced, as part of their Fourteenth Supplemental Disclosure Statement, Administrative Inquiry Report for Case No. 2017-072, dated June 27, 2017, bates stamped AZ/MORENO 00004464-0004465. **Pursuant to Fed. R. Civ. P. 34(b)(C), Defendants give notice that the remaining pages of this document, pages 1-9, are being withheld on the basis of Defendants' objection that the statute of limitations precludes any acts prior to July 24, 2017 from being the basis of any claims by Plaintiff.** *Bird v. Department of Human Services*, 935 F.3d 738, 748 (9th Cir. 2019).

(*Id.* at 33-34 (emphasis added).)

On October 3, 2022, Plaintiff's counsel sent correspondence to Defendant, requesting a meet and confer and providing notice of Plaintiff's intent to file the current Rule 37 Motion. (Doc. 252-1, Ex. 8, at 37.)

On October 6, 2022, the parties met, and Defendants agreed to disclose the remaining nine pages of AIU Face Sheets. (Doc. 259 at 4; Doc. 252 at 5.) That same day, Defendants Ryan and Roberts submitted their third supplemental responses to Plaintiff's discovery requests (doc. 259-2, Ex. 3), incorporating this statement:

> Without waiving all prior objections, and pursuant to the discussion at the parties' meet and confer, **Defendants produce as disclosed in their Fifteenth Supplemental Disclosure Statement dated October 6, 2022 served concurrently; additional pages 1-9 pursuant to objection regarding Administrative Inquiry Face Sheets involving Defendant Javier Chavez, dated prior to July 24, 2017, previously withheld.** (See bates stamps AZ/MORENO 00004466-0004475.)

(*Id.* at 10-12 (emphasis added).)

On October 28, 2022, Defendants disclosed the remaining AIU Face Sheets with

respect to Defendants Reyes and Jaime. (Doc. 259-2, Ex. 4, at 16.)

On November 8, 2022, the parties brought a discovery dispute before this Court concerning the AIU Reports that the State asserts were destroyed under Arizona's document retention schedule. (*Id.*) The Court extended the Discovery and Dispositive motion deadlines and ordered (1) that the State to produce Certificates of Destruction or an affidavit from the curator of records detailing document retention and destruction policies; and (2) that the State produce Mr. Phil Schoenig for deposition. (Doc. 237.)

### 2. The Parties' Arguments.

Plaintiff seeks sanctions against the State for failing to disclose whether it was withholding the AIU Face Sheets and for not producing a privilege log.[4] (Doc. 252 at 3, 7). Specifically, Plaintiff argues that the State intentionally withheld evidence that demonstrates its knowledge of Chavez' criminal propensities because it runs against the State's immunity defense. (*Id.* at 7.) As Plaintiff was not aware of this evidence until near the end of discovery, Plaintiff argues she was denied timely access to critical evidence that resulted in prejudice. (*Id.*)

The State opposes the Motion, arguing that its responses were not false or misleading but subject to an objection that Plaintiff did not challenge. (Doc. 259 at 1.) According to the State, Plaintiff is not entitled to Rule 37 sanctions because she received the evidence well before the discovery deadline and sustained no prejudice. (*Id.* at 9-11.)

### 3. Analysis.

#### i. The State complied with Rule 34(b)(2)(C).

Pursuant to Rule 34(b)(2)(C), an objection to a discovery request must state whether any responsive material is withheld based on the objection. Fed. R. Civ. P. 34(b)(2)(C). The purpose of this requirement is to "eliminate confusion" and "facilitate an informed discussion" concerning the scope of the objection. Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment. An objection that states the limits of the search satisfies the

---

[4] Because the State's responses were subject to an objection and not a claim of privilege, the State was not required to produce a privilege log. Fed. R. Civ. P. 26(b)(5) (requiring a privilege log when a party claims the "information is privileged or subject to protection").

- 10 -

requirements of Rule 37(b)(2)(C) by placing parties on notice of the imposed limits. *Id.*

On February 9, 2022, Defendants Ryan and Roberts served their initial responses to Plaintiff's discovery requests. (Doc. 252-1, Ex. 1.) In response to Request for Production No. 3, they objected, "To the extent that it seeks 'all documents' 'relating to' Chavez and Reyes, the request is vague, ambiguous, overly broad and burdensome, not properly limited in time and scope insofar as it seeks documents prior to July 24, 2017." (*Id.* at 5-6.)

On February 25, 2022, Defendants Ryan and Roberts served Plaintiff their supplemental discovery responses. (Doc. 252-1, Ex. 3.) In response to Request for Production No. 3, Defendants noted the same objections and added, "Documents AZMORENO-001549-1758 were located and are not being produced due to the above objections." (*Id.* at 7.) The State incorporated the above objections in its initial discovery responses. (Doc. 252-1, Ex. 4, at 3-4.)

The State's objections and express statement of withholding complied with Rule 34(b)(2)(C). As early as February 2022, Plaintiff knew or should have known that the State intended to withhold responsive information pursuant to its July 24, 2017 objection. While the State may have disclosed information pre-dating July 24, 2017, Plaintiff had more than ample time to "facilitate an informed discussion" or raise this issue before the Court. Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment. Instead, Plaintiff did nothing. *See Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril."). Accordingly, the Court finds that the State complied with Rule 34(b)(2)(C).

### ii.  The State did not violate Rule 26(e).

Rule 26(e) requires a party to timely supplements its Rule 26(a) initial disclosures. Fed. R. Civ. P. 26(e). Failure to timely supplement or provide "incomplete, misleading, or false discovery responses" results in Rule 37 sanctions. *Fast*, 340 F.R.D. at 335.

The State did not violate Rule 26(e) because it asserted a valid objection under Rule

- 11 -

1  34(b)(2)(C). By incorporating Defendants Ryan and Roberts' objections into its initial
2  responses, the State gave Plaintiff notice that it would be limiting its search for responsive
3  information up to July 24, 2017. The State should not be sanctioned for asserting a valid
4  objection that went unchallenged until the present Motion. Since the Fact Discovery
5  Deadline has passed, Plaintiff has effectively waived her ability to challenge the State's
6  objection. *See Pacific Sun Pub. Co., Inc. v. Chronicle Pub. Co., Inc.*, 1981 WL 380709 at
7  *1 (N.D. Cal. Apr. 13, 1981) ("When plaintiffs failed to pursue an answer to the
8  interrogatory by a motion to compel, they in essence waived their ability to require
9  supplementation under Rule [26](e).").

Even if the responsive information was not subject to a Rule 34(b)(2)(C) objection, the Court concludes that the State's supplementation was timely. Assuming *arguendo* the AIU Face Sheets were discovered on or around August 4, 2022, as timestamped, the State timely disclosed this material on September 28, 2022. Then, on October 3, 2022, the Court extended Fact Discovery to November 4, 2022, and again to December 9, 2022, giving Plaintiff over two months to conduct additional discovery. Because the State's disclosure was well before the Fact Discovery Deadline, the Court finds it timely. *See Jack in the Box, Inc. v. Haworth Corp.*, No. CV 03-046 TUC-JMR, 2006 WL 8440627 at *1-2 (D. Ariz. Jan. 24, 2006) (holding that the supplemental disclosure of opinions a week before and two weeks after the close of discovery was "untimely and in violation of the Court's discovery order"); *Reed v. Wash. Area Metro. Transit Auth.*, No. 1:14CV65, 2014 WL 2967920 at *2 (E.D. Va. July 1, 2014) (holding that the disclosure of a fact witness "a mere two days before the close of discovery" is not timely); *Ashman v. Solectron, Inc.*, No. CV 08-1430 JF, 2010 WL 3069314 at *4 (N.D. Cal. Aug. 4, 2010) (explaining that "supplemental disclosure after [the close of discovery] would be untimely").

No claim for sanctions lies. The State adhered to the requirements of Rule 26(e) and timely supplemented its responses over two months before the Fact Discovery Deadline.

### iii. Rule 37 sanctions are not appropriate.

The Court further finds that Rule 37 sanctions are not appropriate here because the

State has complied with Rule 26(e) and Plaintiff has suffered no prejudice. The State complied with Rule 26(e) because it asserted an objection that Plaintiff let unchallenged for nearly a year. And, as discussed above, the State's supplementation was timely because it was well before the close of discovery. Thus, the State did not provide "incomplete, misleading, or false discovery responses." *Fast*, 340 F.R.D. at 335.

Additionally, Plaintiff has suffered no prejudice. Plaintiff received the AIU Face Sheets more than two months before the close of discovery and may still use this evidence at trial to attack the State's immunity defense. *See Keenan v. Maricopa Cnty. Special Health Care Dist.*, No.CV-18-01590-PHX-DJH, 2022 WL 684348 at *6 (D. Ariz. Mar. 8, 2022) (declining to impose sanctions because "any failure . . . to produce documents in accordance with Rule 26 . . . has been rendered harmless by the Protocol Agreement and the subsequent production of documents").

To the extent Plaintiff argues she was prejudiced because she was deprived of the opportunity to depose individuals about the contents of the AIU Face Sheets at issue (*see* doc. 260 at 3), her argument is not persuasive. First, Plaintiff had ample opportunity to seek further discovery on the 2012 incident but failed to do so. Indeed, upon learning of the AIU Face Sheets, Plaintiff brought a discovery dispute before the Court seeking only to "hold discovery open while we try to understand what exactly happened here," and "make sure that [the State] actually have produced all documents they have about Chavez and about their knowledge of his propensities; and, also, if documents were destroyed," to obtain documentation showing when and why the AIU Face Sheets were destroyed. (*See* Doc. 258 at 3-4.) To be sure, as an afterthought, once the Court ordered the State to produce the former AIU Director to answer questions regarding the State's policies on document retention, Plaintiff asked:

> Because Mr. Shonig is the former head of the AIU, he may have information related to the past AIU investigations and so I would – I would like to be able to have a fairly wide scope of the questions that I ask him. . . . I would like to make sure I can ask Mr. Schonig about the past AIU investigations to the extent he has knowledge of them and the destruction of the AIU investigative files.

- 13 -

(*Id.* at 30-31.) Plaintiff made no argument relating how she had been prejudiced because he had not been able to ask prior witnesses about the "newly discovered" AIU investigation.

Further, Plaintiff does not contest that it has received discovery detailing the facts of the 2012 incident. Specifically, On November 15, 2022, the State produced CIU reports to Plaintiff, including a 50+ page investigation into the 2012 incident regarding Chavez. (*See* Doc. 259-2 at 85.) Plaintiff has never asked to reopen the deposition of Defendant Chavez or CIU Investigator Dahl, or any other individual that may have additional specific information about the 2012 investigation. (*See* Doc. 258.)

Lastly, as noted above, Plaintiff waited nearly a year to raise any dispute regarding the State's objection that any documents from prior to July 24, 2017 were inapplicable and thus were being withheld. Plaintiff was aware Chavez had AIU reprimands from 2012 and 2014 long before it received the September 28, 2022 disclosure containing the AIU Face Sheets at issue here. But Plaintiff did nothing to clarify whether those previous disclosures were comprehensive.

"The prejudice inquiry has also been formulated as asking 'whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 471 (D. Ariz. 2020) (quoting *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007)), *aff'd*, No. 20-17210, 2022 WL 259937 (9th Cir. Jan. 27, 2022). Here, the Court finds that no discovery violation have occurred and Plaintiff has had access to "the true facts" necessary to argue its case against the State.

Accordingly, Rule 37 sanctions are not appropriate in this instance.

**IV. Conclusion.**

The Court will deny Plaintiff's Motion for Sanctions. (Doc. 252.) The State asserted a valid objection to Plaintiff's requests and disclosed when it withheld material in compliance with Rule 34(b)(2)(C). The State did not file incomplete, false, or misleading responses, and timely disclosed relevant material before the close of discovery. And

1  Plaintiff has sustained no prejudice at the hands of the State. Indeed, Plaintiff had over two
2  months after receiving the AIU Face Sheets at issue to propound additional discovery
3  against the State, file a motion to compel, or raise this dispute before the Court. Plaintiff
4  did not do so. Rule 37 sanctions, let alone the drastic sanction of stripping the State's
5  immunity defense under A.R.S. § 12-820.5(B) requested, are not appropriate.

6  Accordingly,

7  **IT IS ORDERED** that Plaintiff's Rule 37 Motion for Sanctions (doc. 252) is
8  **denied.**

9  Dated this 16th day of March, 2023.

Honorable John Z. Boyle
United States Magistrate Judge